CLARA B. ELLIS *vs.* REBECCA FAIRBANKS & another.
JULIA R. ELLIS *vs.* SAME.

Norfolk.   March 13. — 29, 1882.   ENDICOTT & DEVENS, JJ., absent.

A testator gave to his three daughters, P., S. and N., in fee, certain real and personal estate; and also gave to P. two fifths, and to S. and N. each one fifth, of the residue of his estate; and "the remaining two fifths of my estate, real and personal, I give and devise to B., to hold the same in trust for my son J. and his heirs." *Held*, that the testator intended to give to B. in trust for J. and his heirs all of his estate, real and personal, which remained after the preceding devises in the will had been satisfied, namely, one fifth; and that the incorrect computation might be rejected.

Two PETITIONS FOR PARTITION of certain lands in Dedham, owned at the time of her decease by Mary Fairbanks.   The case was submitted to the Superior Court on agreed facts, from which it appeared that the question in dispute between the parties was as to what portions the residuary devisees took under the will of Mary Fairbanks.   The clauses of her will material to this question were as follows:

" I give and devise to my three daughters, Prudence, Sarah and Nancy, and to their heirs forever, the dwelling-house in which I now live, and the furniture therein, and the lot of land on which said house stands, as said lot is now enclosed, containing about two acres, and the pew in the meeting-house.

" I give and devise to my daughter Prudence two fifths of all the residue of my estate, real and personal, to hold to her and her heirs forever.

" I give and devise to each of my daughters Sarah and Nancy one fifth of all the residue remaining after the first devise above made to my said three daughters, to hold to them and their heirs forever.

" The remaining two fifths of my estate, real and personal, I give and devise to John Baker, 2d, of Dedham, sheriff of the county of Norfolk, to hold the same in trust for my son Joshua Fairbanks and his heirs."

The Superior Court ruled, in accordance with the contention of the petitioners, that, by the true construction of the will, Prudence took two fifths of the residue of said estate, Sarah and

Nancy one fifth each, and Baker, as trustee, one fifth; and ordered judgments accordingly. The first-named respondent, one of the heirs of Joshua Fairbanks, who died about 1864, appealed to this court.

*C. H. Drew,* for the petitioners.

*D. G. Hill & C. A. Mackintosh,* for the respondent.

FIELD, J. The construction we put upon the will of Mary Fairbanks is, that it was the intention of the testatrix to give to John Baker, 2d, in trust for Joshua Fairbanks and his heirs, all of her estate, real or personal, which remained after the bequests and devises contained in the preceding clauses of the will had been satisfied. The words " the remaining two fifths of my estate " must be construed to mean the remainder of my estate, being two fifths, &c. In accordance with a familiar maxim, the incorrect computation may be rejected, and enough then remains to render certain the devise and bequest in trust for Joshua Fairbanks and his heirs. The judgment of the Superior Court was therefore correct in each case, and the entry in each case must be, *Judgment affirmed.*