WILLIAM L. RODISCH *et al.* Appellees, *vs.* WILLIAM H. MOORE *et al.*—(JOHN J. LOVETT, Exr. *et al.* Appellants.)

*Opinion filed February 20, 1913—Rehearing denied April 2, 1913.*

1. PRACTICE—*testimony taken by master before appeal is properly considered on re-docketing cause after remandment.* Testimony taken by the master and reported to the chancellor before the entry of the decree is part of the record of the cause, and is before the chancellor for consideration upon the re-docketing of the cause after the decree has been reversed on appeal and the cause remanded because of want of a necessary party.

2. SAME—*when parties have a right to introduce further evidence.* Where a decree in a partition proceeding is reversed for want of a necessary party, which was the only question decided on the appeal, the cause stands for re-trial after it has been re-instated and the necessary party brought in, and either party has the right to introduce additional competent evidence upon the issues formed.

3. WILLS—*when extrinsic evidence is not admissible.* Extrinsic evidence is not admissible to reform a will so as to conform to an intention not expressed therein, no matter how clearly such unexpressed intention might be shown by evidence of extrinsic facts.

4. SAME—*effect where testator devises five-fourths of his estate.* A residuary devise to a trustee, with directions to sell the property and divide the proceeds, "one-half to my sister, * * * one-fourth of such residue to the children of William Moore * * * and one-half to the children of Hammond Moore," etc., is void, as impossible of performance, where there is nothing in the will, other than the devise itself, to show how testator intended to divide the residue, even though it is clear the attempted division was a mistake.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding.

R. E. PENDARVIS, for appellant John J. Lovett, executor; McEWEN, WEISSENBACH, SHRIMSKI & MELOAN, for appellant Albert F. Keeney; ROBERT N. HOLT, for appellant Susan Ann Rowlett.

C. VANALEN SMITH, EASTMAN & WHITE, RALPH R. HAWXHURST, and WILLIAM GIBSON, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was begun by appellees, or some of them, (hereafter called complainants,) filing a bill in the superior court of Cook county for the partition of certain lands of Levi Moore, deceased, alleged in the bill to be intestate estate. This is the second time the case has been before us. (*Rodisch* v. *Moore,* 253 Ill. 296.) A statement of the pleadings and issues involved will be found preceding the opinion filed by this court on the first appeal and will not be repeated further than is necessary to make intelligible the opinion on this appeal.

Levi Moore, from whom complainants claim to have derived title, died testate in May, 1906, and complainants' title and their right to partition depend upon the construction to be given the third paragraph of his will. The first paragraph directed the payment of all his debts. The second gave James Rowlett a life estate in seventeen acres of land described by metes and bounds, with remainder to his (Rowlett's) children who survived the testator. The third paragraph is as follows:

"*Third*—I give, devise and bequeath all the rest and residue of my estate, of whatever name and nature, however known and described and wherever situated, to Joseph K. Dunlop in trust, to take possession of the same, collect the rents, issues and profits therefrom, and within two years after my decease to sell the same, and every

part thereof, and divide the proceeds thereof, one-half to my sister, Ann Mary Garrison, of Sutton Bridge, Lincolnshire, England, to be her absolute property forever; one-fourth of such residue to the children of William Moore, of said Sutton Bridge, aforesaid, and one-half to the children of Hammond Moore, of said Sutton Bridge aforesaid."

The will was executed March 20, 1900. On the 21st day of August, 1902, Levi Moore executed the following codicil to the will:

"I desire to add this as a codicil to my will, in which I appointed Joseph K. Dunlop my executor: The said Joseph K. Dunlop being deceased, I hereby appoint John J. Lovett, of Mont Clare, Illinois, to act instead of the aforesaid Joseph K. Dunlop as my executor. I give and bequeath to Susan Ann Rowlett, of Mont Clare, Illinois, wife of James Rowlett, all my personal property of every description. I hereby order my executor, within one year after my decease, to expend five hundred (500) dollars for a monument and curb around my burial lot in Union Ridge cemetery, near Norwood Park, Illinois, the monument to be placed on the front of my lot."

The land sought to be partitioned is all in Cook county and consists of three tracts,—one containing forty acres, one ten acres and another ten and eight-tenths acres. There is no dispute that Levi Moore was the owner of the land, but Albert F. Keeney, one of defendants, set up in his answer that he had a valid contract for the purchase of the forty-acre tract for $7000, payable May 1, 1907, upon which he had paid $25 as earnest money when the contract was made, February 23, 1906, and alleged that he was ready, able and willing to pay the balance. The contract for the sale of the forty acres to Keeney was made by Aaron C. Koethe, who had a power of attorney from Levi Moore, dated September 16, 1904, authorizing him to make all necessary repairs on Moore's property, "and sell and

mortgage the same, if necessary." The bill alleged that the contract with Keeney was invalid; that no necessity ever arose authorizing Koethe to sell the land; that Keeney had not been able, ready or willing to perform the contract; that the contract was inequitable, unconscionable, unreasonable, unauthorized by the power, and that Keeney had been guilty of *laches* in failing to assert any claim thereunder.

Susan Ann Rowlett was not made a party, originally, to the bill, and it was demurred to on that ground. The chancellor overruled the demurrer, and that ruling was assigned for error on the former appeal to this court. We were of opinion, for the reasons stated in the former opinion, that Susan Ann Rowlett was a necessary party to the suit, and the decree of the superior court was reversed and the cause remanded, with directions to sustain the demurrer to the bill. No other question was passed upon by this court upon the former appeal. The case was re-docketed in the superior court, ten days' notice having been given to all the defendants, except those made defendants as unknown owners, unknown heirs-at-law, etc., of the application to have the cause re-docketed. Upon re-docketing the cause, leave was given complainants to amend their bill by making Susan Ann Rowlett and one other party defendants thereto. Susan Ann Rowlett demurred to the bill, and by stipulation of the parties the answers of defendants previously filed were ordered to stand as answers to the bill as amended. The demurrer of Susan Ann Rowlett was overruled, and she refused to answer and elected to stand by her demurrer. Subsequently, complainants gave notice to defendants to the bill that they would, on the 14th day of June, 1912, apply to the chancellor, who was the same chancellor before whom the case was tried the first time, for a final decree upon the testimony taken before the master and reported by him to the court and upon which the first decree was entered. Defendants Lovett and Keeney

appeared before the chancellor on the day named in the
motion and objected to the entry of a decree, and orally
moved the chancellor to set the cause down for the taking
of further evidence or to refer it to a master in chancery
for the taking of further evidence and further considera-
tion and hearing. The chancellor continued the motion to
June 17, on which date the motion of defendants Lovett
and Keeney was denied and the motion of complainants in
the bill for a decree upon the evidence before the chancel-
lor was allowed and a decree accordingly entered. After
reciting the court had jurisdiction of the parties, that no
new issues were made by the pleadings subsequent to the
re-docketing of the cause that required proof, and that the
cause came on to be heard upon the amended bill, answers
and replications, together with the master's report, excep-
tions thereto and the record made since the re-docketing of
the cause, the decree found that the third paragraph of the
will of Levi Moore was impossible of execution, invalid as
a devise, and that the real estate attempted to be disposed
of by said paragraph descended to Levi Moore's heirs-at-
law as intestate estate. The decree also found that the con-
tract for the sale of the forty acres to defendant Keeney
was not made pursuant to the power given by Levi Moore
to Koethe; that no necessity ever arose for its sale; that
the contract was inequitable and unreasonable and that
Keeney had been guilty of *laches* in enforcing the contract,
and said contract was declared a cloud upon the title and
set aside. The decree found the interests of the respective
parties to the suit in the land and directed partition there-
of. This appeal is prosecuted by John J. Lovett, executor,
Albert F. Keeney and Susan Ann Rowlett.

The errors assigned challenge the action of the chan-
cellor in entering the decree without giving appellants an
opportunity to introduce further evidence or referring the
cause for the purpose of taking further testimony; also
the correctness of the decree in holding paragraph 3 of the

will invalid and the estate attempted to be devised thereby intestate estate.

It seems entirely clear that no testimony that could have been taken, in addition to what was already before the court, would have been competent or pertinent in the construction of paragraph 3 of the will. That was a question of law to be determined from the will itself and extraneous evidence could throw no light upon the question. Whether the contract under which Keeney claimed to. be the equitable owner of the forty acres was a valid and enforcible contract depended, in part, upon facts put in issue by the pleadings. We think the testimony taken before the master and reported to the chancellor upon which the former decree was entered is a part of the record of the cause and was before the chancellor for consideration when the cause was re-instated after it was remanded by this court, (*Vanek* v. *Senft,* 222 Ill. 41,) but we are of opinion the court erred in refusing leave to introduce further testimony upon the issue as to the validity of the Keeney contract. The merits of his claim under his contract for the purchase of the forty acres were not passed upon or determined on the former appeal under the record as then presented. The sole question then passed upon was the action of the chancellor in overruling the demurrer to the bill for want of proper parties. When Susan Ann Rowlett was made a defendant and brought into court the cause stood for re-trial, and either party had the right to introduce additional competent evidence upon the issues formed. (*In re Estate of Maher,* 210 Ill. 160; *Green Lumber Co.* v. *Nutriment Co.* 224 id. 234; *Palmer* v. *Woods,* 149 id. 146.) The denial of this right by the chancellor necessitates a reversal of that part of the decree, but as all parties interested in the construction of the third paragraph of the will of Levi Moore were in court when the decree was rendered, we may with propriety determine the correctness of said decree in that respect.

The residue of Levi Moore's real estate disposed of by the third paragraph of the will comprises the three tracts of land sought to be partitioned if the Keeney contract for the forty acres is annulled. This real estate by the third paragraph of the will is devised to Joseph K. Dunlop, trustee, with directions to sell it within two years and give the proceeds, one-half to the testator's sister, one-fourth to the children of his brother William Moore, and one-half to the children of his brother Hammond Moore. It will be seen the execution of the trust was impossible if it required the trustee to distribute five-fourths of the proceeds received from the sale of the real estate. The ambiguity is a patent one. Presumably the testator made a mistake in disposing of five-fourths of his residuary estate, but we find nothing in the third paragraph, or in any other paragraph of the will, which forms a reasonable basis for holding that he intended to give one of the beneficiaries a less portion than that specified in the will, or if he did mean that one of them should have less than the amount specified, which one it should be. It is a familiar rule that in construing wills the paramount object is to ascertain the intention of the testator, and when ascertained effect will be given it, provided doing so violates no rule of law.

Two possible constructions are suggested by appellants. The first is, that the testator first directed that one-half of the proceeds of his residuary estate be given to his sister; that this left remaining one-half to be disposed of, and that he next gave one-fourth of the residuary estate to the children of William Moore, and he must have intended to give the other one-fourth to the children of Hammond Moore. The other construction suggested is that he intended his residuary estate to be divided into five parts, and two of them given to his sister, one to the children of William Moore and two to the children of Hammond Moore. To give either construction to the will would be a mere guess as to what was the intention of the testator.

It is true that by making a will it is presumed the testator intended to dispose of his estate and did not intend to leave part of it as intestate estate, and courts will adopt any reasonable construction, short of reforming a will or making a new will, that will give effect to the intention of the testator if it can be ascertained, and thereby avoid intestacy as to any part of the estate. There appears to be a dearth of authority for guidance in the construction of wills of the character before us. Appellants cite *Ellis* v. *Fairbanks,* 132 Mass. 485. In that case the testator, after devising four-fifths of the residue of his estate, gave "the remaining two-fifths" in trust for a son. It was held the trustee took but one-fifth. There, however, it appeared from the will that the testator intended the remainder left after the devise of four-fifths to go to the trustee for his son, and as the remainder was one-fifth the court held that the one-fifth passed by the devise. We think that case and the case of *Effinger* v. *Hall,* 81 Va. 94, also relied on, distinguishable from this case. The devise of one-half of the testator's residuary estate to the children of Hammond Moore is as direct and explicit as the devise of one-half to the testator's sister. Either one or the other of them would have to be reduced or the devise to the children of William Moore must fail. Any attempt, by construction, to give effect to all the devises in paragraph 3 would amount to a reformation of the will not justified by any language found in that instrument.

The rule by which courts must be governed in the construction of wills was very clearly stated in *Graves* v. *Rose,* 246 Ill. 76. There the court said: "Our statute requires all last wills and testaments to be in writing and properly witnessed, and extrinsic evidence is never admissible to alter, detract from or add to the terms of a will. While the object of construction is to ascertain the intention of the testator, it must be an intention expressed in the will and it must be determined from the language used. A

will cannot be reformed to conform to any intention of the testator not expressed in it, no matter how clearly a different intention may be proved by evidence of extrinsic facts. If that were not so, all wills would be subject to proof of mistake and of a different intention from that expressed, so that, in fact, property would pass without a will in writing which the law declares shall not pass except by a written will."

We are of opinion the superior court correctly held and decreed that paragraph 3 is invalid and the residuary estate passed to the heirs of Levi Moore as intestate estate. Holding the third paragraph of the will invalid and the property attempted to be devised thereby intestate estate will not be to entirely defeat the intention of the testator but the property will go to the children and descendants of children of the testator's sister who died before his death and to the children of his brothers. Those intended by the testator to be the recipients of his residuary estate were his heirs. By the failure of the devise it will still go to his heirs though in different proportions, and some will inherit who would not have taken if the devise had been valid. It is unnecessary, therefore, to consider what effect sustaining the third paragraph of the will might have upon the distribution of the property.

In our opinion the superior court properly held the third paragraph of the will invalid and the property attempted to be devised thereby intestate estate, and that part of the decree is affirmed. But for the error in denying leave to appellants to introduce further evidence upon the issues made by the pleadings as to the validity of the Keeney contract, that part of the decree holding said contract invalid and setting it aside as a cloud on the title is reversed, and the cause will be remanded for further proceedings consistent with the views expressed in this opinion.

*Affirmed in part, reversed in part and remanded.*