[Civ. No. 2956. First Appellate District, Division One.—July 23, 1919.]

In the Matter of the Estate of ANGUS McKAY, Deceased. HORTON L. McKAY et al., Respondents; ELIZABETH M. McKAY, Appellant.

[1] WILLS—INTERPRETATION OF—INTENT OF TESTATOR.—In the interpretation of wills the intention of the testator must be extracted from the express terms of his will, and courts are not permitted to indulge in conjecture or surmise for the purpose of arriving at an intent which is not reasonably to be drawn from the language of the document itself.

[2] ID.—DEVISE OF REMAINDER OF ESTATE TO "EACH" OF CHILDREN—CONSTRUCTION.—A provision in a will giving, devising, and bequeathing all the estate of the testator in the manner following: "To my wife . . . the one-fifth (⅕th) part thereof, and to each of my [two] children . . . the undivided four-fifths (⅘ths) part thereof," is to be construed as a disposition of five-fifths and not nine-fifths of the estate, the wife to take one-fifth of the estate, the remaining four-fifths to go to the children in equal shares.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thos. F. Graham, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. M. Cannon, Wm. M. Abbott and Kingsley Cannon for Appellant.

Redman & Alexander for Respondents.

RICHARDS, J.—The two appeals in this case are from decrees of partial distribution made upon the separate petitions therefor of the respondents herein, Horton L. McKay and Ethel M. Newman, formerly Ethel M. McKay. The testator, Angus McKay, made his last will and testament, which was duly admitted to probate, and thereafter, in the course of such probate proceedings, the petitions for partial distribution above referred to were filed. The will of Angus McKay is, in point of brevity, and, with the single

2. Meaning of "each" as used in will, note, **Ann. Cas.** 1914D, 247.

exception in respect to which it is assailed herein, in point of clarity, a model. The devising portion of said will is the second paragraph thereof, which reads as follows:

"2nd. I give, devise and bequeath all my estate, real and personal, whatsoever and wheresoever, in manner following: To my wife Elizabeth M. McKay the one-fifth (1/5th) part thereof, and to each of my children Horton L. McKay and Ethel M. McKay the undivided four-fifths (4/5ths) part thereof."

The point of the appellant's assault upon this will is directed to the concluding clause of the above paragraph thereof, it being the contention of the appellant that the phrase "to *each* of my children Horton L. McKay and Ethel M. McKay the undivided four-fifths (4/5ths) part thereof" renders the entire will void for uncertainty, because a strict, literal, and grammatical interpretation of said clause would result in an attempted disposal of nine-fifths of the testator's estate. **[1]** It is undoubtedly settled law relative to the interpretation of wills that the intent of the testator must be extracted from the express terms of his will, and that courts are not permitted to indulge in conjecture or surmise for the purpose of arriving at an intent which is not reasonably to be drawn from the language of the document itself. It is also true that in accordance with section 1324 of the Civil Code, "the words of a will are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another sense can be collected, and that other can be ascertained" from the terms of the document and its language. It is, however, also true that, as stated in section 1325 of the Civil Code, "the words of a will are to receive an interpretation which will give to  every expression some effect, rather than one which will render any of the expressions inoperative."

**[2]** Bearing in mind the foregoing principles of interpretation, let us look to the four corners of this testator's will, to see whether his intent can be fairly ascertained therefrom, with the view to sustaining said will. It must be evident upon such inspection that the testator had in mind an attempted disposition of the whole of his estate, and no more. The use of the fraction "the one-fifth (1/5th) part thereof," in the bequest to his wife, and of the frac-

tion "the *undivided* four-fifths (4/5ths) part thereof," in
the attempted bequest to his two children, would seem to
clearly indicate that it was five-fifths, and not nine-fifths,
of his estate which he was proposing to dispose of by will.
This being clear, the difficulty which presents itself is that
of determining what the testator intended by the use of the
word "each" in relation to the bequest to his children.
Standing alone and read in its ordinary and accepted
sense, the word "each" might seem to require the inter-
pretation which appellant seeks to place upon it, and which
would result in giving to these two devisees eight-fifths of
the testator's estate, which, being impossible of consum-
mation, would render the bequest void.

But the word "each" in this will is not to be given
such interpretation, if, taking the language of the will as a
whole, it is reasonably susceptible of another interpretation
which would sustain the will. Thus regarding this word,
it is to be noted that the testator by his preceding bequest
has disposed of one-fifth of his estate, thus leaving four-
fifths thereof subject to further disposition. The use of
the word "undivided" in connection with his attempted
disposition of this remaining four-fifths of his estate is
evidence that he intended that his children share equally
therein, and in every part thereof; or, in other words, that
he wished the remainder of his estate to go to his children
together and in an undivided portion rather than sepa-
rately and in a segregated two-fifths bequest to each of
them. This evident intent on his part works a modification
of the use of the word "each" in the phrase in question,
and indicates an intent upon the part of the testator that
his two children were to share equally and together the
remaining portion of the estate which he was seeking to
devise to them. The testator would perhaps have expressed
this intent more clearly had he devised to each of his chil-
dren an "equal share" in the remaining four-fifths of his
estate, in the above precise terms. But taking his will as
a whole, we are of the opinion that this was his real in-
tent, and that such intent is fairly inferable from the
entire context of his will.

The principal authority cited by the appellant in support
of her contention is the case of *Rodisch* v. *Moore*, 257 Ill.
615, [101 N. E. 206], wherein a testator devised one-half

of his estate to one person, one-fourth to another, and one-half to a third, but that case is clearly distinguishable from the case at bar, since it would be plainly impossible to determine which one of the above bequests should be diminished in the distribution of the estate.

For the foregoing reasons we think that the will of said testator was susceptible of the construction which the trial court placed upon it, and for that reason the decrees of partial distribution appealed from are affirmed.

Waste, P. J., and Bardin, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 18, 1919.

All the Justices except Melvin, J., concurred.