Matter of the Estate of ANTOINETTE VISMAR, Deceased.

(Surrogate's Court, New York County, December, 1921.)

**Transfer tax — wills — construction of — testator's intention overcomes palpable error in describing fractional share — legacies taxable.**

Where in a gift of the entire estate of testatrix in equal shares to her five sisters, naming and describing them, the bequest is by palpable error made to read " one-fourth " in place of " one-fifth," the evident intent of the testatrix must be carried out by the exclusion of " one-fourth," and since upon such construction the share of each sister exceeds $500, it is subject to a transfer tax.

APPLICATION to exempt estate from transfer tax.

Palmieri & Wechsler, for petitioner.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for State Tax Commission.

FOLEY, S. This is an application to exempt the estate from tax. By the 4th paragraph of her will

decedent provided, "I give and bequeath to each of my five (5) sisters share alike," (the testatrix then names and describes each of the five sisters), *"one-fourth* (¼) of all the rest, residue and remainder of my estate and property real and personal of whatsoever name and wheresoever situated. In case of the death of any one of my sisters before my demise to their lawful children or their legal heirs to have and to hold the same absolutely and forever."

The testatrix, or more probably the draftsman of the will, made this palpable error by inserting " *one-fourth* " in place of " one-fifth." The contention of the executors, that the decedent gave one-fourth to her five sisters and died intestate as to the remaining three-fourths, must be disregarded. The language of the will prohibits this construction.

In *Kalbfleisch* v. *Kalbfleisch,* 67 N. Y. 354, the testator, who had nine children, gave certain real estate to three of them subject to the payment of a sum to the other " *eight.*" The court, in construing the will, said: " It is plain that the numeral ' eight ' applied to the other children of the testator in that clause is used mistakenly. It has no apparent meaning applicable to the facts of the case. As it cannot be applied, it must be entirely left out of the reading."

Likewise, in the present case the fraction " one-fourth " must be excluded from consideration and the evident intention of the testatrix carried out.

Under this construction the residuary estate passes in equal parts to the five sisters of the decedent, and since the share of each exceeds the sum of $500, the transfers are taxable and the motion to exempt is denied. The tax may be fixed, however, without the appointment of an appraiser.

Application denied.