ETHEL MOTT ZOMBRO v. THOMAS S. MOFFETT, Executor of Estate of John Moffett, et al., Appellants.—44 S. W. (2d) 149.

Division Two, December 1, 1931.

*Beardsley & Beardsley* for appellants.

*Glen A. Wisdom* for respondent.

HENWOOD, J.—This case comes to the writer on reassignment.
Ethel Mott Zombro filed her petition in equity, in the Circuit
Court of Jackson County, at Kansas City, for the construction of the
will of her uncle, John Moffett, asserting that Agnes Moffett Mott,
her mother and a sister of testator, predeceased the testator, and
that she is the sole lineal descendant of her mother, and that, as such,
she is included among the beneficiaries of the testator's residuary
estate and entitled to the share of said estate to which her mother
would have been entitled had her mother survived the testator,
and alleging that the executor of the will and other heirs of the
testator refused to recognize her as a beneficiary under the residuary
clause of the will, and that the executor of the will refused to bring
a suit for the construction of the will, and joining as defendants

Thomas S. Moffett, executor, Thomas S. Moffett, brother of testator, and Louise McGrew Moffett, his wife, R. J. Moffett, brother of testator, and Bessie Moffett, his wife, J. W. Moffett, unmarried brother of testator, Jennie Lynn, sister of testator, and John C. Lynn, her husband, Annie M. McKee, sister of testator, and B. S. McKee, her husband, and Helen Moffett, widow of testator.

Helen Moffett, formerly Miss Helen Mustard and so named in the will as a legatee, was married to the testator shortly after the execution of the will, and, prior to the filing of plaintiff's petition, elected to take her share of the testator's estate, as his widow, under the statutes of this State. She filed a separate demurrer to plaintiff's petition, and said demurrer was sustained by the trial court on the ground that she is not a necessary or proper party to the suit.

The contesting defendants, Thomas S. Moffett, Executor, Thomas S. Moffett, Louise McGrew Moffett, R. J. Moffett, Bessie Moffett and J. W. Moffett, filed a joint answer in which they deny that plaintiff is included among the beneficiaries under the residuary clause of the will, and allege that the testator's residuary estate includes real estate in Arkansas, Oklahoma and Kansas, and assert that the courts of this State have no jurisdiction to determine the operative effect of the will in so far as it involves the title to real estate situated in Arkansas, Oklahoma and Kansas, and plead certain statutes and court decisions of said states bearing on the issues in this case, and join in the request to construe the will in so far as it affects personal property and in so far as it affects real estate situated in this State.

The trial court sustained plaintiff's motion to strike from said answer the parts thereof which relate to a limitation on its jurisdiction and to certain statutes and court decisions of Arkansas, Oklahoma and Kansas, and another part of said answer in which it is asserted that plaintiff is entitled only to a legacy of $5,000 specifically provided for in the will.

The case was submitted to the trial court on the pleadings, the will and an agreed statement of facts, and that court found the issues in favor of plaintiff and adjudged that, under the will, plaintiff is entitled to a one-sixth interest in the testator's residuary estate, to which Agnes Moffett Mott, plaintiff's mother and the testator's sister, would have been entitled had she survived the testator, in addition to a specific legacy of $5,000, and said defendants appealed.

It has been suggested that the death of Thomas S. Moffett, a party appellant as executor of the will and individually, has occurred since the submission of the case to this court. Under the provisions of Section 1055, Revised Statutes 1929, the case proceeds at the suit of the surviving appellants.

The will, omitting the certificate of witnesses, and the agreed statement of facts, read as follows:

"LAST WILL AND TESTAMENT OF JOHN MOFFETT.

"I, JOHN MOFFETT, of Kansas City, Jackson County, Missouri, being of sound mind and disposing memory, do make, publish and declare this my last will and testament, hereby revoking all former wills by me made.

"1. I direct the payment in full of all my just debts, my funeral expenses and the expenses of my last illness.

"2. I give and bequeath unto Miss Helen Mustard, the sum of Five Thousand ($5,000) Dollars.

"3. I give and bequeath unto each of my nieces and nephews the sum of Five Thousand ($5,000) Dollars, and, in case of the death of any one or more of said nieces and nephews prior to my demise, then the Five Thousand ($5,000) Dollars to which they would be entitled, if living, shall be paid over and delivered to their lineal descendants, *per stirpes*, according to the laws of the State of Missouri, and, in case of the death of any of my said nieces and nephews without being survived by lineal descendants, then the bequests to such nieces and nephews shall become null and void.

"4. All of the rest, residue and remainder of my estate whatsoever, real, personal and mixed, wheresoever situated and in whomsoever possession same may be found, I give, devise and bequeath unto my brothers and sisters in equal parts, and, in case of the death of any one or more of my said brothers and sisters prior to my demise, then the portion to which said deceased brothers and sisters would be entitled, if living, shall be divided and distributed among the lineal descendants of said brothers and sisters, *per stirpes*, according to the laws of the State of Missouri, and, in case of the death of any of said brothers and sisters prior to my demise without being survived by lineal descendants, then the bequests made to such deceased brothers and sisters shall become null and void.

"5. I hereby nominate and appoint my brother, T. S. Moffett, executor of this my last will and testament and request that he be permitted to act as such without giving bond and in case of the death of said T. S. Moffett or his inability or refusal to act, then I nominate and appoint Commerce Trust Company, a corporation of Kansas City, Missouri, executor of this my last will and testament, and I hereby certify that before the execution of this my last will and testament, I had advice and counsel in relation thereto from someone not under salary from Commerce Trust Company, who may become executor hereunder.

"This will consists of two typewritten pages across the lefthand margin of each of which I have written my name for identification.

"In Witness Whereof, I have hereunto set my hand this 21st day of February, 1921.

"(Signed) John Moffett."

## "AGREED STATEMENT OF FACTS.

"The plaintiff and all of the contesting defendants in the above entitled cause, by their attorneys, hereby agree and stipulate that the following facts may be treated as submitted in evidence and conclusively proved in this case:

"1. John Moffett, the testator, was for many years immediately preceding his death, and at the time of his death, August 23, 1927, and at the time of the execution of his will, a resident of Kansas City, Jackson County, Missouri.

"2. John Moffett executed his will on or about February 21, 1921, and said will has been filed for probate and admitted to probate in the Probate Court of Jackson County, Missouri, at Kansas City, and Thomas S. Moffett, who is therein appointed executor, has duly qualified, and is performing the duties as such executor.

"4. That Thomas S. Moffett is a brother of John Moffett, deceased, and that Louise McGrew Moffett is the wife of Thomas S. Moffett; Helen Moffett is the widow of John Moffett, deceased; R. J. Moffett and Bessie Moffett are husband and wife, and R. J. Moffett is a brother of John Moffett, deceased; J. W. Moffett, a single man, is a brother of John Moffett, deceased; and Jennie Lynn is a sister of John Moffett, deceased, and her husband is defendant John C. Lynn; and Annie M. McKee is a sister of John Moffett, deceased, and defendant B. S. McKee is the husband of Annie M. McKee; the persons named in this paragraph constitute all of the brothers and sisters who survived the testator, John Moffett.

"5. That plaintiff is the daughter of Agnes Moffett Mott and Ferris O. Mott, and is the only child and heir at law of said Agnes Moffett Mott and Ferris O. Mott, and that Agnes Mott was a sister of John Moffett, testator, and that Agnes Moffett Mott died about thirty years prior to the execution of the will upon which this action is based.

"That Paragraph Three of said will reads as follows:

" 'I give and bequeath unto each of my nieces and nephews the sum of Five Thousand ($5,000) Dollars, and, in case of the death of any one or more of said nieces and nephews prior to my demise, then the Five Thousand ($5,000) Dollars to which they would be entitled, if living, shall be paid over and delivered to their lineal descendants, *per stirpes,* according to the laws of the State of Missouri, and, in case of the death of any of my said nieces and nephews without being survived by lineal descendants, then the bequests to such nieces and nephews shall become null and void.'

"7. That Paragraph Four of said will reads as follows:

" 'All the rest, residue and remainder of my estate, whatsoever, real, personal and mixed, wheresoever situated and in whomsoever

144

possession same may be found, I give, devise and bequeath unto my brothers and sisters in equal parts, and, in case of the death of any one or more of my said brothers and sisters prior to my demise, then the portion to which said deceased brothers and sisters would be entitled, if living, shall be divided and distributed among the lineal descendants of said brothers and sisters, *per stirpes*, according to the laws of the State of Missouri, and, in case of the death of any of said brothers and sisters prior to my demise without being survived by lineal descendants, then the bequests made to such deceased brothers and sisters shall become null and void.'

"8. That, at all times prior to the death of Agnes Moffett Mott, the relation between her and testator was one of mutual love and affection.

"9. That testator had known plaintiff from the time she was a very little girl, had for some years lived in the same household, and after leaving said household had been a frequent visitor to such household for many years, and that the relation which existed between plaintiff and testator was at all times preceding testator's death one of mutual love and affection, and that no apparent reason existed for John Moffett's wishing to disinherit plaintiff in the residuary clause of said will.

"10. That at the time of making his said will, and at the time of his death, said John Moffett had the following nephews and nieces, who were at the time of his death of the ages, respectively, as follows:

"A. Two daughters of his said brother R. J. Moffett, aged, respectively, 22 and 24 years.

"B. A son and daughter of his sister, Annie M. McKee, aged, respectively, 33 and 37 years.

"C. Two sons and a daughter of his said brother, Thomas S. Moffett, aged, respectively, 21, 16 and 14 years.

"D. A daughter of his said sister, Jennie Lynn, aged 44 years.

"E. Plaintiff, daughter of his said deceased sister, Agnes Moffett Mott, aged 39 years.

"11. That testator had known personally all of his said nephews and nieces practically all of their respective lives, and gave every evidence at all times that he felt kindly toward all of them and regarded them all with affection.

"12. That, in addition to the above named brothers and sisters, testator had a brother, Robert, who died at the age of fourteen, in December, 1874, and a sister, Lizzie Andrews, who died May 9, 1921, neither of whom ever had any lineal descendants."

I. Appellants complain of the action of the trial court in sustaining plaintiff's motion to strike out the following parts of their answer:

"That said Ethel Mott Zombro, plaintiff herein, is entitled under said will of John Moffett, deceased, only to the sum of $5,000 bequeathed to her in said paragraph 3 thereof.

"These defendants say that insofar as the said will affects the title to real estate lying in each of said three states (Arkansas, Oklahoma and Kansas), which was the property of John Moffett at the time of his death, this court has no jurisdiction to determine the law as applicable thereto, but that jurisdiction resides respectively in each of said states as concerns the land within it."

The first part of the answer above quoted is not a statement of facts constituting a defense, but a statement of a conclusion of law, and no error was committed in striking it out.

Nor can we say that error was committed in striking out the other part of the answer above quoted. True, the courts of this State have no jurisdiction to determine the operative effect of a will in so far as it involves the title to real estate situated in other states. But, it was not necessary to plead this rule of law, and it served no purpose in the answer.

However, it must be remembered that, although the operative effect of a will as to the disposition of real estate is governed by the law of the state in which the real estate is situated (40 Cyc. 1383-1384, and cases cited, and White v. Greenway, 303 Mo. 691, 263 S. W. 104, and cases cited), the general rule is that the construction of a will *for the purpose of ascertaining the testator's meaning and intention as expressed therein* is governed by the law of the testator's domicile, whether the will disposes of personal property or real estate. [40 Cyc. 1382-1383, and cases cited; Jones v. Park, 282 Mo. 610, 222 S. W. 1018, and cases cited; Jones v. Patterson, 307 Mo. 462, 271 S. W. 370.] This general rule is based upon the presumption that the maker of a will is more familiar with the law of his domicile than with the law of other jurisdictions, and that his will is written with the law of his domicile in mind. [See authorities last cited.]

The testator in this case was domiciled in this State at the time of his death and for many years prior thereto and at the time of the execution of his will, and his will has been admitted to probate in this State. Moreover, dispositions "according to the laws of the State of Missouri" are provided for in items 3 and 4 of the will. While it is admitted that the testator's residuary estate includes real estate situated in other states, the will makes no mention of the situation of the real estate which the testator had in mind as likely

to pass as a part of his residuary estate, and the situation of the real estate embraced within the residuary clause of the will is not to be considered in ascertaining what persons were intended by the testator to be the beneficiaries of his residuary estate. [Lincoln v. Perry, 149 Mass. 368.]

II. This brings us to the construction of the will in the light of the admitted facts and the law of this State, for the purpose of ascertaining what persons were intended by the testator to be the beneficiaries of his residuary estate.

Appellants contend that the testator intended to bequeath and devise his residuary estate, in equal parts, to his three brothers (Thomas S., R. J. and J. W. Moffett) and his three sisters (Lizzie Andrews, Jennie Lynn and Annie M. McKee), who were living at the time the will was executed, as individuals, with the provision that the lineal descendants of any of said brothers or sisters who predeceased him should take, *per stirpes*, the part to which such brother or sister would be entitled if living, and with the further provision that, if any of said brothers or sisters predeceased him without leaving a lineal descendant, the bequest and devise to such brother or sister should become null and void. Under this construction of the will, the testator died intestate as to the one-sixth part of his residuary estate bequeathed and devised to Lizzie Andrews, the testator's sister, who was living at the time of the execution of the will, but predeceased the testator without leaving a lineal descendant, and the respondent is not included among the beneficiaries of the testator's residuary estate, because Agnes Moffett Mott, respondent's mother and the testator's sister, was dead at the time the will was executed.

Respondent contends that the testator intended to bequeath and devise his entire residuary estate, in equal parts, to all of his brothers and sisters, living and dead, as a class, with the provision that the lineal descendants of any member of the class who predeceased him should take *per stirpes*, the part to which such member of the class would be entitled if living. Under this construction of the will, respondent is entitled to the part of the testator's residuary estate to which Agnes Moffett Mott, respondent's mother and the testator's sister, would be entitled if living, and no partial intestacy occurs, although Lizzie Andrews, the testator's sister, was living at the time the will was executed, but predeceased the testator without leaving a lineal descendant.

It is admitted that the relation of mutual love and affection existed, at all times, between the testator and Agnes Moffett Mott, his sister, and between the testator and respondent, Mrs. Mott's only

child, and that "no apparent reason existed for John Moffett's wishing to disinherit plaintiff (respondent) in the residuary clause of said will." Item 4 of the will provides for the distribution of the testator's residuary estate, in equal parts, among his sisters and brothers, and that the lineal descendants of any brother or sister who predeceased him should take, *per stirpes*, the part to which such brother or sister would be entitled if living. The testator's brothers and sisters are not mentioned by name in these provisions, nor is any mention made of the fact that his sister, Agnes Moffett Mott, and his brother, Robert, were dead at the time the will was executed. And, while item 4 of the will contains the further provision that bequests to brothers and sisters who predeceased the testator without leaving lineal descendants should become null and void, after considering the will from its four corners, in connection with the circumstances attending the execution of the will and the presumption against partial intestacy, we are lead to the conclusion that the testator intended that, with the exception of a bequest of $5,000 to Miss Helen Mustard, to whom he was married shortly after the execution of the will, his entire estate should be distributed among his blood relatives only, and that he intended to bequeath and devise his entire residuary estate, in equal parts, to all of his brothers and sisters, living and dead, as a class, with the provision that the lineal descendants of any member of the class who predeceased him should take, *per stirpes*, the part to which such member of the class would be entitled if living, and that, by providing that bequests to members of the class who predeceased him without leaving lineal descendants should become null and void, he emphasized his intention that, with the exception of Miss Helen Mustard, only his blood relatives should share in the distribution of his estate. This construction of the will is in harmony with the policy underlying our law, in that it prevents a partial intestacy, and it represents, we think, the true intent and meaning of the testator.

At common law a bequest or devise to a person who was dead at the time of the execution of a will is void, and a bequest or devise to a person whose death occurred after the execution of the will and before the death of the testator lapses, and a bequest or devise to a class of persons takes effect in favor of those who constitute the class at the time of the death of the testator. But, as to relatives of the testator, this rule was abrogated by our statute (now Sec. 527, R. S. 1929), which says:

"When any estate shall be devised to any child, grandchild or other relative of the testator, and such devisee shall die before the testator, leaving lineal descendants, such descendants shall take the estate, real or personal, as such devisee would have done in case he had survived the testator."

. And this statute, as construed by this court, applies to the lineal descendants of a deceased member of a class of legatees or devisees, and it applies whether the death of such member occurred before or after the execution of the will; in other words, this court has held, in effect, that the only requirements of this statute are that the primary legatee or devisee shall have been a relative of the testator, shall have predeceased the testator, and shall have left lineal descendants. [Guitar v. Gordon, 17 Mo. 408; Jamison v. Hay, 46 Mo. 546; Murphy v. Enright (Mo. Sup.), 264 S. W. 811.] See, also, Kchl v. Taylor, 275 Ill. 346; 40 Cyc. 1939-1940, and cases cited. ''The statute contemplates that among children and relatives, if part of them be dead and part living, the children of those dead shall take the place of the deceased parent.'' [Jamison v. Hay, supra.] In construing the will now before us, we need not invoke the presumption that the testator knew the statute and wrote his will with the statute in view (Lounden v. Bollam, 302 Mo. 490, 258 S. W. 440), as item 4 of the will says, ''in case of the death of any one or more of my said brothers and sisters prior to my demise, then the portion to which said deceased brothers and sisters would be entitled, if living, shall be divided and distributed among the lineal descendants of said brothers and sisters, *per stirpes*, according to the laws of the State of Missouri.''

If follows that our construction of the will is in accord with the construction given it by the trial court, that respondent is entitled, in addition to a specific legacy of $5,000, as a niece of the testator, to a one-sixth interest in the testator's residuary estate, to which Agnes Moffett Mott, respondent's mother and the testator's sister, would have been entitled had she survived the testator.

The judgment of the trial court is, accordingly, affirmed. All concur.