John HAYNES and Beverly
Spainhour, Appellants,

v.

Everett WILLIAMS, both personally and
as Executor of the Estate of Clarence
Williams, Deceased, and Julia Shipp
and Mildred Mantzey, Respondents.

No. WD 35505.

Missouri Court of Appeals,
Western District.

Feb. 19, 1985.

John Franken, Carrollton, Harold L. Henry, West Plains, for appellants; Franken, Bryant & Franken, Carrollton, Henry, Henry & Henry, West Plains, of counsel.

Lloyd A. Cleaveland and James P. Valbracht, Chillicothe, for respondents; Cleaveland, Macoubrie, Cox & Valbracht, Chillicothe, of counsel.

Before PRITCHARD, P.J., and SHANGLER and BERREY, JJ.

PRITCHARD, Presiding Judge.

The issue is whether a sister, Katie Irene Haynes, of Clarence Williams, deceased, whose death in 1957 was known to him at the time he executed his will on May 10, 1963, was a member of the class of his "brothers and sisters" in Article Third of the Will, so that her children, appellants John Haynes and Beverly Spainhour, would take her share as substituted distributees and devisees, as they contend.

At the time of his death, November 11, 1982, Clarence Williams was survived by his brother and sisters, respondents Everett Williams, Julia Shipp and Mildred Mantzey, whom the trial court ruled were the sole residuary beneficiaries under Article III of the will. According to the appraisals in the amended inventory, contained in the legal file, Clarence Williams died seized of interests in real and personal property valued at $797,289.75.

Article Second of the will is: "I give to my brother Everett Williams all real estate, machinery, livestock, feed and grain that I may own or have any interest in at the time

of my death." Article Third, which is here in controversy, is: "All the rest, residue and remainder of my estate I give in equal shares to my brothers and sisters." ·Appellants, if they should prevail, would take only a portion (one-eighth each) of the residuary estate not specifically devised to testator's brother, Everett Williams.

Appellants' reliance upon *Zombro v. Moffett,* 44 S.W.2d 149 (Mo.1931), is misplaced as it is distinguishable on the provision of the will, and an agreed statement of facts. There the residuary clause of the will devised and bequeathed the remainder of the estate to brothers and sisters in equal parts, *and in case of the death of any one or more of the brothers or sisters prior to testator's demise, their portion was to be divided and distributed among the lineal descendants of the said deceased brothers and sisters, per stirpes.* The present will of Clarence Williams contains no gift over in the event of the prior demise of a member of the class, as does Moffett's will, as italicized above. In addition to Moffett's gift over in the event of the prior death of brothers or sisters, there was agreed evidence that although his sister, Agnes Moffett Mott, died about 30 years prior to the execution of his will, there was a relation between the two of mutual love and affection. Agnes' daughter, the plaintiff, was but about nine years old at the time of her mother's death, and was 39 years old at the time of testator's death. Testator had known plaintiff since she was a little girl; she had lived some years in the same household and was thereafter a frequent visitor to the household; and the relation between them, as with all other nephews and nieces, was one of affection and kind treatment, and there was no apparent reason for testator to disinherit plaintiff in the residuary clause of the will. It was held that considering the will from its four corners, and all of the circumstances attending its execution, plaintiff was entitled to take testator's predeceased sister's share as her lineal descendant, considering also the then anti-lapse statute. Section 527,

RSMo 1929. The *Zombro* court gave effect: to the 1929 statute, Section 527, saying that it applied to the lineal descendants of a deceased member of a class of legatees or devisees, whether the death occurred before or after the execution of the will; to the express terms of the residuary clause providing that if one or more of the brothers or sisters died prior to testator's demise, the portion to which deceased members would be entitled should be divided among the lineal descendants, per stirpes; and to the relation of love and affection between testator and respondent, and all his nieces and nephews.

The lengthy opinion in *Stolle v. Stolle,* 66 S.W.2d 912 (Mo.1933), has a will provision similar to that of Article Third of Clarence Williams' will here. Testator, Casper Stolle, had a son, Henry, Sr., who died 20 years before Casper executed his will. In Paragraph Third, he gave $5.00 each to his "beloved children", eight in number (a son, Conrad, having died without lineal descendants before Casper, and thus, as the opinion notes, dropped out of the picture). Then the residuary clause gave a life estate to his wife, and after her death, the remaining part of the estate was to be divided in equal parts to his "said children above named." Plaintiff's father, Henry, Sr., was not anywhere named as a legatee or devisee, or as Casper's child, except as being his deceased son, the father of plaintiff who claimed a one-eighth share of the residuary estate by reason of the then anti-lapse statute, § 527, RSMo 1929. The court held that the anti-lapse statute did not "undertake to determine whether or not the will in question does or does not in fact devise an estate to a particular child or relative. It operates only on a devise which is in fact made to a child or relative." 66 S.W.2d at 914[2, 3]. The court there also noted that a conveyance, whether by deed or will or otherwise, to a dead person is void, and that under an anti-lapse statute, the descendants or relatives of a (deceased) devisee or legatee do not take by

representation, but as substituted beneficiaries.

The *Stolle* court, construing the will as a whole, held that the testator did not intend that his grandson, the plaintiff, should take a child's part as substituted devisee for his deceased father. In so doing, it relied upon *Downing v. Nicholson*, 115 Iowa 493, 88 N.W. 1064 (1902), where the residuary was to his "nephews and nieces" share and share alike. Testator had a grandnephew whose mother had been dead for more than 10 years, and the several nephews and nieces were living at the time he made his will. The Iowa court said, " 'But where the gift is to a class, of which there are many members, it is reasonable to suppose that the testator had in mind only those of that class who were living at the time he made his will' ", and " 'If he had intended to include the grandnephew, we think it more likely that he would have named him.' " *Stolle*, at page 917, where the court said also, "Had testator intended that his grandson should take a share equal to that of a living child, it would have been easy and natural for him to have said in the fifth clause, 'shall be divided between my said children and grandson above named.' " At pages 917 through 919 of the *Stolle* case, several cases are cited holding that the descendants of relatives who were dead at the time the will was made were entitled to be substituted under the anti-lapse statutes, which cases were decided under the rule that the intention of the testator governs and is to be arrived at by reading the entire will in the light of the attendant facts and the principles and policies of the law. Among those cited cases is the *Zombro* case, supra. The *Stolle* case is controlling as to the disposition of this appeal.

At page 920[12], the *Stolle* opinion notes that an ambiguity is created as to whether the testator intended to include the deceased member of the class in the devise; that the ambiguity is not solved by the anti-lapse statute [now § 474.460, RSMo., Amended by L.1980, p. 484, § 1, eff. Jan. 1, 1981]; but is solved by ascertaining the true intention of the testator from the whole will and relevant facts. The only thing that appears here as to a pertinent fact, is that Clarence Williams knew that his sister, Katie, had died in 1957, before he made his will. There is no indication, by the introduction of relevant facts, that testator ever intended to make appellants substituted beneficiaries (as he could easily have done) in the place of their deceased mother, who was not specifically named in the will. The trial court did not err in ruling that respondents were the sole residuary beneficiaries under Article III of the will.

The judgment is affirmed.

All concur.