The ESTATE OF Michael HEISSERER, Respondent,

v.

Bertilla LOOS, Anna Cletus, et al., Appellant.

No. 49386.

Missouri Court of Appeals, Eastern District, Division Three.

June 28, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

Application to Transfer Denied Nov. 21, 1985.

Albert M. Spradling, Cape Girardeau, for appellant.

Thomas L. Arnold, Benton, for respondent.

REINHARD, Chief Judge.

Bertilla Loos, as executrix, petitioned the court to construe the will of her brother, Michael Heisserer, who died on October 29, 1983. In her petition she asked the court to declare that the interest bequeathed to her deceased sister, Anna Dirnberger, had lapsed. She also requested that the fractional interests in the residuary clause be construed as fifteenths rather than fourteenths. The trial court, after a hearing, determined that Anna Dirnberger's share had not lapsed, and also construed the residuary clause to provide for shares of eighteenths. We affirm.

All of the beneficiaries under the residuary clause, except Anna Dirnberger's children, appeal.[1] On appeal, appellants allege that the court erred in applying the anti-lapse statute, § 474.460 (Supp.1984)[2], and in dividing the residue into eighteenths. They contend that the residue should be

1. Bertilla Loos appeals in her individual capacity as a beneficiary under the residuary clause.

2. When any estate is devised to any child, grandchild or other relative of the testator, and the devisee dies before the testator, or is treated as if he predeceased the testator, leaving lineal

divided into fifteenths, or should pass by descent.

The residuary clause of testator's will provides as follows:

All the rest, remainder and residue of all my property, real, personal or mixed, I hereby give, devise and bequeath as follows:

| | |
|---|---|
| To: Anna Dirnberger | a 3/14 interest |
| To: Bertilla Loos | a 3/14 interest |
| To: Sister Anna Cletus | a 1/14 interest |
| To: William Loos | a 1/14 interest |
| To: John Loos | a 1/14 interest |
| To: George Loos | a 1/14 interest |
| To: Richard Loos | a 1/14 interest |
| To: Jerry Loos | a 1/14 interest |
| To: Mrs. Sally Deevers | a 1/14 interest |
| To: Mrs. Sue Clark | a 1/14 interest |
| To: Mrs. Kathleen Wisdom | a 1/14 interest |
| To: Paul Dirnberger | a 1/14 interest |
| To: Bernard Dirnberger | a 1/14 interest |
| To: Helen Holmes | a 1/14 interest |

The evidence revealed that testator had three sisters who survived to maturity: Anna Dirnberger, Bertilla Loos and Irene Heisserer. Anna had three children: Paul Dirnberger, Bernard Dirnberger, and Helen Holmes. Bertilla had eight children: William Loos, John Loos, George Loos, Richard Loos, Jerry Loos, Mrs. Sally Deevers, Mrs. Sue Clark, and Mrs. Kathleen Wisdom. Irene Heisserer, a Catholic nun, is listed in the will as Sister Anna Cletus. The evidence further revealed that Anna Dirnberger died 7 years before the testator executed his will, and there was no indication that he was unaware of her death. The will gives one share to each of testator's eleven nieces and nephews, one share to Sister Anna Cletus, and three shares to his two sisters with children. The sum of the interests given is eighteen-fourteenths, which is greater than the whole.

■ The first question raised on appeal is the applicability of RSMo § 474.460, the anti-lapse statute. Our Supreme Court held in *Zombro v. Moffett*, 44 S.W.2d 149,

descendants who survive the testator by one hundred twenty hours, the descendants shall take the estate, real or personal, as the devisee would have done if he had survived the testator by one hundred twenty hours.

153 (Mo.1931) that the statute applies whether the beneficiary died before or after the execution of the will. Appellants argue, however, that the statute should not be applied when it is inconsistent with the testator's intent, citing *Stolle v. Stolle,* 66 S.W.2d 912 (Mo.1933) and *Haynes v. Williams,* 686 S.W.2d 870 (Mo.App.1985). *Stolle* involved a bequest to a class of "my beloved children." One of testator's sons was dead when the will was executed. The court held that the general language of the will did not demonstrate an intent to bequeath a share to the deceased son. *Haynes* involved a bequest to a class of "brothers and sisters." One of testator's sisters died before he executed his will. Again, the question was whether the testator intended that the deceased sister be included in the class described by the will. The court held that he did not. In both cases the court found that the will was ambiguous, and held that the ambiguity was not resolved by the anti-lapse statute. Rather, the court determined whether a gift to the deceased class member was intended by considering "the whole will and relevant facts." *Stolle,* 66 S.W.2d at 920; *Haynes,* 686 S.W.2d at 872. However, here the plain language of the will indicates a bequest to Anna Dirnberger was intended; she is specifically named as a beneficiary. Where a will contains plain and unambiguous language, courts must give effect to that language. *First National Bank of Kansas City v. Danforth,* 523 S.W.2d 808, 816 (Mo.1975). The testator is presumed to know and intend the legal consequences of the language used. *American Cancer Society v. Hammerstein,* 631 S.W.2d 858, 864 (Mo.App.1981). Furthermore, there could be no reason for the testator to name Anna Dirnberger as a beneficiary other than a desire that Anna's children take her share. Since the beneficiary predeceased the testator, leaving lineal descendants, the trial court properly applied § 474.460 in giving Anna's share to her children.

The second question raised on appeal is whether the trial court erred in construing the will to provide for shares of eigh-

teenths. In construing a will, the court is to ascertain the intent of the testator. *In re Estate of Just,* 618 S.W.2d 208, 211 (Mo.App.1981); RSMo. § 474.430 (1978). All provisions of the will must be given effect, if possible. *Id.*

■ Appellants argue first that the residue should be divided into shares of fifteenths, ignoring the three shares bequeathed to Anna. It appears that the testator intended for the residue to be divided into shares of eighteenths, not fifteenths. His will showed a desire to give equal shares to all of his nieces and nephews individually. He also wanted to give a larger amount to his living sister with children. Therefore, he gave three shares to her. To balance out the additional shares to Bertilla's family, he gave three shares to Anna Dirnberger. Her shares descended to her children, the same as Bertilla's would have if she had predeceased the testator. To effectuate his intention he set up three classes and treated the members of each class equally, notwithstanding the fact that the two sisters with children were given more than either the nephews and nieces or Sister Anna Cletus. Giving the fractions as fourteenths was an obvious mistake.

Appellants argue, alternatively, that the residuary clause is entirely invalid and that the residue of the estate should pass by descent. There is a presumption that in making his will the testator intended to dispose of his entire estate. *Mercantile-Commerce Bank & Trust Co. v. Binowitz,* 238 S.W.2d 893, 897 (Mo.App.1951). We find nothing in the record to rebut that presumption. As the Missouri Supreme Court stated in *Burrier v. Jones,* 92 S.W.2d 885, 887 (Mo. banc 1936):

Whatever may be the rule in other states, it is well established in this state that in pursuing the general presumption [against intestacy], and to prevent the happening of the incongruous condition of the estate passing partly by will and partly by descent, words may be supplied, transformed, or changed in the

will, so 'that the instrument may not perish and the manifest intent of the parties be not defeated by the palpable error of the scrivener.'

The trial court properly supplied the correct fraction in order to give effect to *all* of the residuary clause in accordance with the testator's intent and to avoid partial intestacy. This result is consistent with that reached by other courts dealing with mathematical errors in wills. See, *e.g., In re Vismar's Estate,* 117 Misc. 554, 191 N.Y.S. 752 (N.Y.Surr.Ct.1921); *In re Boyce's Estate,* 173 Wis. 575, 181 N.W. 735 (1921); *In re Hurley,* 61 S.D. 233, 248 N.W. 194 (S.D. 1933); *In re McKay's Estate,* 42 Cal.App. 361, 183 P. 574 (1919). *But, cf., Rodisch v. Moore,* 257 Ill. 615, 101 N.E. 206 (1913). The judgment is affirmed.

DOWD and CRANDALL, JJ., concur.