## HOWARD v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Division Two, March 31, 1903.

1. **Negligence:** TOOLS: HAND CAR: BURDEN ON PLAINTIFF. Plaintiff, a section hand, was injured by the breaking of a handle bar of a hand car with which he was pulling or pumping, being thereby thrown to the ground and injured. *Held*, that the fact that the handle bar broke does not necessarily make defendant liable for the injury resulting from its breaking; but it is incumbent upon the plaintiff, if he desires to recover for his consequent injuries, to show that the appliance was unsafe and defective, and that defendant had knowledge of it or by the exercise of ordinary care could have discovered the defect.

2. ————: ————: ————: ————: FAILURE OF EVIDENCE. The plaintiff had been working on the hand car for two years, which was under the constant care of a careful foreman. No defect was ever discovered in the handle bar. It was made out of the best wood, and

broke inside the iron through which it ran, and ,then the only defect was found to be a brashness in the wood. *Held,* that no such negligence in supplying defective tools was shown as entitled plaintiff to recover.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis,* Judge.

Reversed and remanded (*with directions*).

*M. L. Clardy* and *Wm. S. Shirk* for appellant.

(1)   Defendant was not an insurer of the absolute safety of the handle of the hand car.   It was only bound to use ordinary care to furnish plaintiff with a handle, reasonably safe for his use in propelling the hand car.   Gutridge v. Railroad, 94 Mo. 474; Krampe v. Brewing Asso., 59 Mo. App. 277; Corey v. Railroad, 84 Mo. 635;  Blanton v. Dold, 109 Mo.  64. And any defect in the wood composing the handle, and any crack in it, was as much open to the observation of Howard as to any other servant of defendant.  If with such knowledge, or with the opportunity to know, plaintiff continued to use the handle, he did so at his own risk.   Corey v.  Railroad, 86 Mo. 435;. Dale v. Railroad, 63 Mo. 455; Smith v. Railroad, 69 Mo. 32; Cummings v. Collins, 61 Mo. 520; Berning v. Medart, 56 Mo. App. 443; Steinhauser v. Spraul, 127 Mo. 541; Fugler v. Bothe, 117 Mo. 475.   (2)   There is no pretense that the defendant had any actual knowledge of any defect in the handle bar, if there was any.   And defendant can only have imputed to it such knowledge of any such defect as could have been discovered by an ordinarily careful inspection.   Tabler v. Railroad, 93 Mo. 79; Henry v. Railroad, 109 Mo. 488; Rutledge v. Railroad, 110 Mo. 312.   (3)   And this is not one of those cases, to which the maxim, *"res ipsa loquitur,"* applies.   If the defect could not have been discovered by an ordinarily careful inspection, made before the

handle broke, then the defendant can not be held guilty of negligence in not discovering it. The mere fact that it broke does not make a case for the plaintiff. Murphy v. Railroad, 115 Mo. 111; Yarnell v. Railroad, 113 Mo. 570; Stanley v. Railroad, 114 Mo. 606; Blanton v. Dold, 109 Mo. 64; Bohn v. Railroad, 106 Mo. 429. (4) As to latent defects, see 3 Elliott on Railroads, sec. 1275. The master is not required to tear machinery to pieces. Richmond v. Elliott, 149 U. S. 266; Railroad v. Dubois, 56 Ill. App. 181; Railroad v. Toy, 91 Ill. 474; Smith v. Railroad, 42 Wis. 520; 3 Elliott on Railroads, sec. 1278; Current v. Railroad, 86 Mo. 62; Flynn v. Bridge Co., 42 Mo. App. 529; O'Donnel v. Baum, 38 Mo. App. 245. One part of the declaration, that plaintiff did not know the position was dangerous, being false, the other part, that he was obeying orders in standing as he did, is equally false. If plaintiff knew the position was a dangerous one, he had no right to obey the section foreman and put himself in a dangerous position. If he did so knowingly, he did it at his own risk. Aldredge v. Railroad, 78 Mo. 559; McDermot v. Railroad, 87 Mo. 285; Shortell v. St. Joseph, etc., 104 Mo. 114; Kinney v. Corbin, 132 Pa. St. 341; Railroad v. George, 94 Ala. 199; 14 Am. and Eng. Ency. Law (1 Ed.), p. 862; St. Louis, etc., Ass'n v. Brennan, 20 Ill. App. 555; Railroad v. Estes, 37 Kas. 715.

*Robt. B. Ruff* for respondent.

FOX, J.—This suit was instituted in the circuit court of Saline county on May 6, 1899. The petition is in due form, and the injury complained of is based upon the alleged negligence of defendant in failing to furnish plaintiff with a reasonably safe hand car and appliances for operating the same. The allegations in the petition, which are important in the determination of the questions involved in this case, are as follows:

"That said hand car and handle bar was composed of old, defective and rotten material, and wholly unfit for the use for which said car and handle bar were used by said defendant. That said defendant had actual knowledge of the defective condition of said handle bar and hand car; such defect in said handle bar and hand car was such that said defendant, by the use of ordinary care and diligence, could have known of the same."

It is not necessary to burden this opinion by inserting the other formal parts of the petition, as the only controversy in this suit is as to the sufficiency of the testimony upon the specific acts of negligence herein quoted.

The answer of defendant was a general denial of the allegations in the petition, and a plea of contributory negligence.

The replication was a denial of the allegations in the answer as to contributory negligence.

This cause was tried by a jury and at the close of the evidence on the part of the plaintiff, the court gave a peremptory instruction, directing the jury to find the issues for the defendant. In obedience to such direction, the jury returned a verdict for the defendant. Plaintiff filed his motion for new trial, which was by the court sustained, and this appeal is prosecuted to this court from the action of the trial court in sustaining the motion for new trial. The record does not disclose any reason assigned by the court for its action in respect to the motion for new trial, hence, the duty is devolved upon this court to examine the entire record to ascertain the legal reasons, if any, for the court's action upon this motion.

An abstract of the record and proceedings in this cause is filed by appellant and also a brief, discussing fully the errors complained of by the appellant. The respondent does not dispute the correctness of the abstract, or, at least, there is no additional abstract filed

suggesting any imperfections in the one filed by appellants, nor are we favored with any brief or argument by respondent in support of the action of the trial court. Nothing to the contrary appearing before us, we shall assume that the abstract of the record as filed by appellant, is correct, and our conclusions must be reached from that source.

There is but one question presented in this cause for our determination, and that is, Did the testimony as introduced by plaintiff warrant the court in submitting the cause to the jury?

This leads us to an examination of the testimony as offered by plaintiff.

Plaintiff resided at Grand Pass on March 15, 1899, and was working for the defendant. At the time he was injured, he was on the hand car of defendant; in company with the section foreman and other section men, he started out in the morning on the hand car to do some work on defendant's road, and in operating the hand car one of the handle bars broke. Plaintiff was thrown off the car and injured.

It will be observed that it was the defects in the handle bar of this hand car, of which plaintiff complains, and claims that defendant was negligent in furnishing him a rotten and defective handle bar with which to operate the hand car. The nature and character of this appliance, that broke, the testimony fails to disclose. No witness undertakes to describe it; but we infer from what the witnesses do say in respect to it, that it is rather a simple appliance or, in other words, it is not a complicated piece of machinery, which would require some regular method or system of inspection. Plaintiff, in testifying in respect to this handle bar, says, first: "When they took the car off of me, I am not certain whether I had this handle bar in my hand, or picked it up; I had it when I got on my feet. I looked at it and said it was rotten." His testimony following this statement indicates clearly that

the handle bar was not rotten, and that plaintiff did not believe it was rotten, for he says, subsequently, in answer to a question, that the whole bar that was visible to him looked sound and, at the time, looked as sound as a dollar. The testimony of plaintiff further shows that the break in the bar was at a point on it covered with iron. Even the wood under the iron, so plaintiff says, was sound, except it looked a little brash. Plaintiff had been working on that section about three years. He says in his testimony that Helleker was a very careful foreman. He further says that the handle bar was in a condition of what we call dry rot; but he does not state what are the indications of dry rot, and what appearance the wood presented. He does, however, say that one could have examined the handle bar as it was and told that it was a defective piece of wood. How would you examine it? You would not break it; you would not cut into it.

Plaintiff had been working with it for a long time, and he discovered no defects, and if, as he says, you could examine it as it was and tell it was defective, it was as open to him as it was to the foreman. If that be true, the defect was patent and he would not be entitled to recover. We have read very carefully in detail the testimony of the plaintiff, and the only conclusion we can reach by a fair consideration of all his statements is that this handle bar was a simple appliance for operating this car; that there was nothing to indicate or to call the attention of the foreman to any defects in it; that it was sound, apparently; that it was only when it broke that it was discovered that where the iron covered it, the wood was a little brash. It was not worm-eaten and the only examination to be made of it was by looking at it and using it, and that its soundness had to be determined from its appearance. As to it being brash, the only way that could be determined would be by cutting into the wood or break-

Vol 173 mo—34

ing it, and this certainly would not be required of the foreman. It is very clear 'that plaintiff only discovered the brashness and the crack after it broke, notwithstanding his long connection with that section.

Witness John DeMoss testified that the handle bar taken from the hand car had the appearance of being brash. He stated that he did not know that you could determine, by a careful examination of this bar at the time it was on the hand car, that the wood was brash. Looking at the bar after it was broken, witness Wells said it looked aged and had a crack in it; that he could tell the defects from looking at it. He further says the condition of this bar could have been seen by looking at it.

Defendant had in charge of this hand car, as testified by plaintiff, a good, careful foreman; it was day after day under his supervision; he saw this handle bar every day; used it; there was nothing to indicate it was out of repair. The plaintiff worked on this car. Wells had worked on it. Neither of them discovered any defects. The handle bar was made out of the toughest wood known—hickory. Even conceding that it became brash, it is just as DeMoss says, a careful examination of it would not necessarily reveal the defect. This handle bar was simply an appliance to operate the hand car. You could only discover the defects that were visible by looking at it and using it. It was not such a piece of machinery that you had to make tests of its strength and power. If you could see the defects by looking at it, as testified to by Wells, then the plaintiff could see them as well as the foreman, and even upon that theory of the case, the plaintiff was not entitled to recover.

We are familiar with the well-settled doctrine and we fully approve of it, that the master must furnish the servant with reasonably safe machinery in the course of his employment, and that if the machinery is defective and unsafe and the master has knowledge of

it, or by the exercise of ordinary care could ascertain such defects, then and in that case he must respond in damages for such injuries to the servant as results from such unsafe machinery.

But, on the other hand, it is equally well settled that the master is not an insurer of the absolute safety of the machinery furnished his servant. He is only bound to use ordinary care in furnishing reasonably safe appliances in pursuit of the work in which the servant is engaged. [Blanton v. Dold, 109 Mo. 64; Covey v. Railroad, 86 Mo. 635, and numerous cases.]

In this case the fact that the handle bar broke does not necessarily make defendant liable for the injury resulting from such broken bar; but it is incumbent upon plaintiff, before he is entitled to recover, to show that the appliance was unsafe and defective, and that defendant had knowledge of it, or by the exercise of ordinary care, could have discovered the defect. [Bohn v. Railroad, 106 Mo. 429; Yarnell v. Railroad, 113 Mo. 570.]

It does not appear from the evidence that defendant's foreman gave the handle bar which broke any particular or special inspection, nor does it appear that the character of the appliance required such special inspection; but it is clearly disclosed by the evidence in the record that the foreman was a very good, careful man in the discharge of his duties; that he saw this handle bar every day; that the hand car was in use by his men; and from these facts ''it necessarily follows that the handle was under his constant observation and inspection and that he discovered nothing defective about it, or'' (being a careful foreman) ''he would not have continued its use.''

We have carefully considered all the evidence introduced on the part of the plaintiff, and find that it clearly discloses (as is verified by the plaintiff) that defendant placed this hand car under the direct supervision of *a good careful foreman* who observed

this *handle bar* complained of, every day; witnessed the use of it by his men; that there was absolutely no indication of any defects in it; that plaintiff also used it and nothing in its appearance indicated any unsafety in its condition to him. Hence, we are of the opinion that the first impressions reached by the learned trial judge in this case were the best and correct impressions, and this cause will be reversed and remanded with directions to the trial court to enter a judgment upon the verdict as returned by the jury.

All concur.