CLARK MCMURRY ET AL. v. TINE ALBERT MCMURRY, Defendant, MAUDE MCMURRY ET AL., Appellants.—104 S. W. (2d) 345.

Division One, April 21, 1937.

*Earl C. Borchers* for appellants.

*Livengood & Weightman* and *J. S. Shinabargar* for respondents.

HAYS, J.—This is a consolidation of two cases originating in the Circuit Court of Andrew County, heard upon the trial as one case and appealed to this court as one. The principal controversy is over the proper interpretation of the last will and testament of Peter C. McMurry, deceased, who at the time of his death, June 4, 1914, owned in fee certain real estate situate in said county and devised it by said will, dated November 20, 1901. The will, so far as pertinent here, is as follows:

"I give, devise and bequeath all my property, both personal and real, as follows: all my real estate and personal property, including my life insurance, to my beloved wife, Mary L. McMurry, making her absolute owner thereof, her life time, she to be her own executor and no bond to be required.

"At her death two hundred dollars is to be paid out of the property to my son, Tine Albert McMurry, and the remainder divided equally among my four remaining children, to-wit: Emily Josephine Moss, Gertrude McMurry, Clark McMurry and Maud McMurry."

The trial court found that the widow, Mary L. McMurry, took only a life estate in the real estate described in the will and in the petition; that the fee vested in the three daughters named and the son Clark McMurry in equal moieties of one-fourth each, subject to the $200 bequest made to the son· Tine Albert McMurry. Pursuant to such finding the court rendered an interlocutory decree in the action for partition instituted therefor on November 19, 1934, by said Clark McMurry and Emily J. Moss against said Maude McMurry and Gertrude McMurry (now Ruddell) and Tine Albert McMurry. From

that decree defendants Maude McMurry and Gertrude McMurry Ruddell took this appeal.

█ The counsel for the appellants states, as controlling the construction of this will, the rule of law to be, that where an estate in fee is granted in plain and unequivocal language in one clause of a will, the same cannot be lessened or cut down by a subsequent clause of the will, unless the language used in such subsequent clause is as clear, plain and unequivocal as the language of the first part of the grant.

This is a well-settled rule of law. Proper applications made of it may be found in Roth v. Rauschenbusch, 173 Mo. 528, 73 S. W. 664; Middleton v. Dudding (en banc), 183 S. W. 444, and Lemp v. Lemp, 264 Mo. 433, 175 S. W. 618. The testamentary provision in no one of those decisions is in parallel with the provision before us, hence they require no particular notice here. Appellants' only citations in this connection dealing with testamentary provisions in anywise similar to the one here under review are: Payne v. Reece, 297 Mo. 54, 247 S. W. 1006; Sorenson v. Booram, 317 Mo. 516, 297 S. W. 70. Similar to those cases a number of others might be added, among them these: Underwood v. Cave, 176 Mo. 1, 75 S. W. 451; Russell v. Eubanks, 84 Mo. 82, and Grace v. Perry, 197 Mo. 550, 95 S. W. 875, and cases cited l. c. 562-563. This latter line of authority is, we think, controlling in this case.

█ The counsel for appellants contrasts the devising clause with the remainder clause and attempts to show that the definite article "the" in the latter, used to point out "the" property and "the" remainder, is indefinite and lacking in implications of ownership and power of control on the part of the testator, when contrasted with the possessive and authoritative implications of the pronoun "my" used in relation to his wife and his property, etc., when he made the devise to her in the devising clause. In our estimation the testator used the definite article appropriately and precisely if he meant it to apply to such part only of his property as might not be disposed of by his wife in her lifetime, as we think he did mean it. Furthermore, the words used in the remainder clause "are not ambiguous and inferential in their intent but are a clear and explicit limitation on the absolute grant" contained in the devising clause. [Underwood v. Cave, 176 Mo., supra.] In that clause the court, after the expression just quoted, said (l. c. 15) of the devising clause there held in judgment: "It is a clear and explicit limitation of the grant contained in the second clause of the will. It simply states that the property bequeathed shall be hers, absolutely, during her natural life, to use and enjoy as she might see proper. The term 'absolutely' does not enlarge the estate; it must be construed as applying to the estate granted by the express words. In other words, it means that her

life estate, and the use and enjoyment of the property, shall not be limited by any conditions.'' And a little further on the court said: ''. . . we find that the terms used, limiting the grant to a life estate are in harmony with this rule. That the testator only intended to create a life interest is manifest from the express words used, and, if additional support was needed to verify this intention, we would then point to the concluding paragraph of clause four, which says: 'If there should be anything left, my will is that it be vested and applied to the use of the Lone Jack Baptist Church.' ''

The effect of such provisions is held to be to create a life estate in the wife with remainder over to the devisees and legatees named in the will, but giving the wife power to sell and dispose of the property, creating in her a fee-simple estate if she exercises the power, but if she does not, her life estate is not enlarged and converted into a fee and the remainder over is valid, and, at her death, takes effect in the remaindermen. [Russell v. Eubanks, 84 Mo., supra.] There is no need to review any more of the unlimited number of our decisions which so hold.

Though we have virtually construed the will in suit as granting Mrs. McMurry a life estate, with remainder over at her death, and with power to dispose of the fee in her lifetime, it is necessary to consider the attack made by the counsel for appellants upon the phrasing of the devise made to Mrs. McMurry. The counsel questions the meaning and the application of the phrase ''her lifetime.'' He takes the position that it was to secure her the office of executrix ''her lifetime,'' without fear or threat of removal from that office and without bond, rather than to constitute a limitation upon the title devised. This, to obviate contradiction in the language and cutting down the completeness of the grant of a fee-simple title to the testator's widow. To that we cannot agree.

In construing the instrument we are not permitted to so distort the language which, as stated elsewhere in appellant's brief, is plain and simple. The grammatical construction connects the phrase ''her lifetime'' with the words next preceding it, and quite clearly it means that the widow's absolute ownership is for and limited to the duration of that uncertain period. The recommendation—for it could amount to nothing more—though awkwardly phrased, is not cryptic but is readily understood.

■ There is a remaining question for consideration which accounts for there being two cases for consolidation. Mary L. McMurry, the testator's widow, died on December 31, 1932, without having disposed of any of said real estate in her lifetime, but testate. By the terms of her will, executed on May 19, 1917, said real estate was purportedly devised to said Maude McMurry and Gertrude McMurry Ruddell. In 1933 said Maude and Gertrude brought a partition suit

against the other remaindermen named in Peter McMurry's will, in which the interests of the coparceners were the same as those designated in the remainder clause of the Peter McMurry will. The proceeding went to interlocutory decree, upon which sale in partition was advertised. On November 12, 1934, before the date of sale came around, the plaintiff dismissed the suit.

However, a month before that date Maude and Gertrude brought a suit to quiet title against Clark McMurry, Emily J. Moss and Tine Albert McMurry, on the pleaded theory that the plaintiff had title in fee through the devise made them in their mother's will. By amended answer the defendants in that suit set up Peter McMurry's will and prayed that title be adjudged according to it.

On November 19, 1934, Clark McMurry and Emily J. Moss (defendants in the quiet-title suit above) filed a partition suit against Maude, Gertrude and Tine Albert McMurry. Later, but on the same day, Maude and Gertrude filed an amended petition in their quiet-title suit so as to include a second count for partition. Clark McMurry and Emily J. Moss filed a motion to strike out said second count as a departure. That motion was by the court denied, but as will appear it was in effect sustained in the subsequent decree.

The court below found that the partition suit instituted by Clark McMurry and Emily J. Moss was a prior suit to the quiet-title suit of Maude and Gertrude and in substance found the interests of the parties to be as passed to them by the remainder clause of Peter McMurry's will and decreed sale in partition accordingly. From this interlocutory decree this appeal was taken.

Appellants assign error upon the decision of the circuit court in regard to the priority as between respondents' partition suit and the quiet-title-partition suit of appellants, principally upon the theory that the amended petition of these appellants, conjoining an action for partition with the action to quiet title, related back to the filing of the original petition which was a month or more prior to the institution of the respondents' suit.

We think this contention is without merit. In the suit of appellants reliance was placed upon a title in fee claimed by these appellants. And in the partition count itself they still relied upon that title, and, in effect, upon such title being sustained and partition being made thereon as between only the plaintiffs themselves and to the exclusions of these appellants. That of itself is sufficient to settle the point. Appellants could not join a count in partition with a count to quiet their title when they claimed the title, because their count for partition was premature. [Armor v. Frye, 253 Mo. 447, 1. c. 480, 161 S. W. 829.]

The judgment of the circuit court is affirmed. All concur.