**Emily S. APPLEGATE, Appellant,**

v.

**Mary E. BROWN and Ellen Ruth Applegate, Executrices and Trustees Under the Will of Lincoln Clarence Applegate, Deceased et al., Respondents.**

No. 48266.

Supreme Court of Missouri,

Division No. 1.

March 13, 1961.

Milton C. Clarke, Charles B. Blackmar, Kansas City, for appellant. Blackmar, Swanson, Midgley, Jones & Eager, Kansas City and Evans & Kelley, North Platte, Neb., of counsel.

J. F. Allebach, Robert L. Ross, Albany, for respondents. Allebach & Ross, Albany, of counsel.

WESTHUES, Presiding Judge.

Plaintiff Emily S. Applegate filed this suit to quiet title to land located in Harrison County, Missouri, and for partition. It was alleged in the petition that plaintiff and her son, Lincoln Clarence Applegate, had, before her son's death, each owned an undivided one-half interest in the land. The son left a will leaving his property in trust for the benefit of certain persons. Plaintiff, in her petition, claimed that the will of her son was void, alleging that the terms of the trust were uncertain and that it violated the rule against perpetuities; that therefore plaintiff as heir of her son had an additional interest in the land. The defendants, that is, Mary E. Brown and Ellen Ruth Applegate, named as executrices and trustees in the will, claimed that the will was valid and therefore plaintiff had only a one-half interest and the executrices and trustees owned the other one-half interest.

There is also present in the case the question of whether the prayer for partition in plaintiff's petition should have been dismissed by the trial court. The executrices and trustees named in the will had, prior to the day plaintiff filed her petition, brought an action to partition these same lands.

The trial court, by its decree, found that the will in question was valid; that plaintiff owned a one-half interest and defendants, executrices and trustees, the other half interest. The trial court dismissed plaintiff's request for partition on the ground that defendants' action for partition had been filed prior to plaintiff's pe-

tition in this case. From the decree, plaintiff appealed to this court.

The material facts pertaining to the question of title are not in dispute and are as follows: Lincoln Clarence Applegate lived in the State of Nebraska and owned property in that state; he also owned a one-half interest in the land involved in this suit located in Harrison County, Missouri. He was unmarried at the time of his death which occurred on September 7, 1956. His heirs were his mother, Emily S. Applegate, plaintiff herein, and four sisters and three brothers. Lincoln's will, which is the subject matter of dispute, reads:

"I, the undersigned, Lincoln Clarence Applegate, of Sutherland, in Lincoln County, Nebraska, being of sound and disposing mind and memory, do make, publish and declare this to be my last will and testament, hereby revoking any and all former wills by me at any time made.

"I. I direct that all of my just debts, funeral expenses and charges of administering my estate be first paid out of my personal property.

"II. All of my property and estate, real, personal or mixed, and wheresoever situated, I hereby give, devise and bequeath to my sisters Mary E. Brown and Ellen Ruth Applegate in trust for the uses and purposes hereinafter specifically set forth.

"III. I hereby give to my executrixes hereinafter named full power and authority to sell, make deeds of conveyance, to all of my real estate and bills of sale to all personal property held or owned by me, and I direct my said executrixes to sell all real and personal property and estate of which I may die seized as soon as practicable after my death, with, however, no specific time limitation therefor, such authorization to sell and convey to continue until they have been discharged in due course as such executrixes.

"IV. Upon the sale and disposition of my property as hereinabove directed, I direct that the proceeds therefrom, together with all monies belonging to my estate, be held by my said sisters Mary E. Brown and Ellen Ruth Applegate in trust for the use, benefit, comfort and maintenance of my nieces and nephews and such others of my relatives as may in the discretion of my said sisters warrant and require financial aid and assistance; and I hereby give full power and authority to my said sisters to invest all of the monies and proceeds of my estate and to expend the interest accumulated from such proceeds, investments and funds for the purposes and uses as herein set forth.

"V. It is my intention that upon my death my entire estate be reduced to money as promptly and profitably as possible and such funds invested by my trustees named herein, the income and interest therefrom to be used for the benefit of such of my relatives as may require financial aid and assistance. In the event of the death of either of said named trustees or their disability to act as such trustees, I desire that new appointments be made by a court of competent jurisdiction.

"VI. I hereby appoint Mary E. Brown of Sutherland, Lincoln County, Nebraska, and Ellen Ruth Applegate of Glendale, California as executrixes of this my last will and testament, and request that they be permitted to act without bond.

"Witness my hand this 2nd day of March, 1942.

"(signed) Lincoln Clarence Applegate
                    "Testator".

(Attestation omitted)

The will was duly executed and witnessed by two persons; it was probated and that action was affirmed on appeal by the Supreme Court of Nebraska in Brown

v. Applegate, 166 Neb. 432, 89 N.W.2d 233. Thereafter, plaintiff in this case, Emily S. Applegate, filed a suit in the district court of Lincoln County, Nebraska, to have the will construed. She alleged that the trust created by the will was "wholly void for the reason that it was too indefinite to be susceptible of enforcement and was violative of the rule against perpetuities." Applegate v. Brown, 168 Neb. 190, 95 N.W. 2d 341, loc. cit. 344. Defendants in that suit were the brothers and sisters as well as the nieces and nephews and grandnieces and grandnephews of the testator. All of these parties were also named as defendants in the case now before this court. The trial court in Lincoln County, Nebraska, decided the case in favor of plaintiff but the Supreme Court of Nebraska reversed the decision of the trial court. Applegate v. Brown, 95 N.W.2d 341. The Nebraska Supreme Court held that there was no uncertainty in the will; that the beneficiaries of the trust were the testator's brothers and sisters, his mother, and the nieces and nephews. The court held that the grandnieces and grandnephews were not included. See 95 N.W.2d loc. cit. 346, 347(8, 9). The court further held that the beneficiaries of the trust were to be treated as a single class. Note what the court said, 95 N.W. 2d loc. cit. 347(10): "As above construed the testator had provided that his relatives who were beneficiaries of the trust were his mother, brothers, sisters, nieces, and nephews. In paragraph V he refers to all of them as 'my relatives' and limits the benefits to such as may require financial aid and assistance. He puts them all in one class and applies the restriction clause to all." The court further held that the testator had vested the trustees with the duty and power to administer the trust estate; that the trustees in the exercise of their discretion must ascertain when and to whom payments may be made.

The Nebraska court, having decided that the beneficiaries of the trust were limited to the mother, brothers, sisters, nieces, and nephews of the testator and excluding persons who may come into being thereafter, necessarily ruled that the trust did not violate the rule against perpetuities. The court held that the trust would terminate on the death of all the beneficiaries, 95 N.W.2d loc. cit. 348, 349(18), in the following statement: "The beneficiaries are ascertainable and ascertained. Obviously the trust created by the will expires with the death of the last of the beneficiaries."

As mentioned above, plaintiff in the case before us was the plaintiff in the suit in Nebraska. The same contentions that were made before the Nebraska courts by plaintiff are now made in the present case to this court. The Nebraska court construed the testator's will. If the will and its provisions are carried out as interpreted by the Nebraska court, no public policy or rule of law of Missouri will be violated. Plaintiff has asked this court to construe the will so that the trust created will lack the essential elements of a valid trust, that is, plaintiff insists that the will does not designate with certainty the persons who are to be beneficiaries; that the will fails to designate when the trust shall end and in whom the corpus of the trust shall vest; further, that the trust created by the will violates the rule against perpetuities. All of these contentions were decided by the Nebraska court against plaintiff.

It is conceded that under the terms of the will that any real estate owned by the testator must be treated as personal property. 18 C.J.S. Conversion § 15, p. 53; Odom v. Langston, 355 Mo. 109, 195 S.W.2d 463, loc. cit. 465, 466(6) (7, 8). The construction and interpretation of the will in question are governed by the laws of Nebraska, the testator's domicile. The general rule may be found in 95 C.J.S. Wills § 587, p. 718, where it is stated: "Where the laws of different jurisdictions are involved in the construction and interpretation of a will, the general rule is that the construction and interpretation of a will for the purpose of ascertaining the testa-

tor's meaning and intention as expressed therein are governed by the law of the testator's domicile when the will was executed; and as far as the ascertainment of the testator's intention is concerned, this rule applies even though the will disposes of real property, * * *." That rule is supported by cases from this state, among which are Bernheimer v. First National Bank of Kansas City, 359 Mo. 1119, 225 S.W.2d 745, loc. cit. 750(5), and Zombro v. Moffett, 329 Mo. 137, 44 S.W.2d 149, loc. cit. 152(1–3), where it is stated: "However, it must be remembered that, although the operative effect of a will as to the disposition of real estate is governed by the law of the state in which the real estate is situated (40 Cyc. 1383, 1384, and cases cited, and White v. Greenway, 303 Mo. 691, 263 S.W. 104, and cases cited), the general rule is that the construction of a will *for the purpose of ascertaining the testator's meaning and intention as expressed therein* is governed by the law of the testator's domicile, whether the will disposes of personal property or real estate."

■ In this case, the Nebraska Supreme Court has construed the will in question and has determined the intention of the testator as expressed therein. We should not disturb that court's ruling.

■■ The next question presented is whether the trial court erred in dismissing the prayer for partition contained in plaintiff's petition. We are of the opinion that the trial court was justified in the ruling made. Mary E. Brown and Ellen Ruth Applegate, executrices and trustees of the testator's will, filed a suit to partition the land in question. This suit was filed prior to plaintiff's suit. If the will was valid, and the Supreme Court of Nebraska had so ruled, all parties interested in the ownership of the fee were parties to that suit. Plaintiff in this case claims that the suit filed by the executrices did not name all of the parties interested in the land and for that reason plaintiff's plea for partition should not have been dismissed. Note what plaintiff says in the brief: "It is a fact that respondents filed a prior partition suit. However, respondent's suit did not name any parties other than themselves and appellant, did not raise any question with respect to their title to the property in question and in fact did not make any effort to seek adjudication of the rights of persons who, it is here contended, have an interest in the property, viz. the heirs of Lincoln Clarence Applegate. Faced with this situation, appellant filed the instant suit, and named the parties therein, who are necessary parties under R.S.Mo. 1949, Sec. 528.060 [V.A.M.S.], * * *." Plaintiff further says that the defendants consented to proceed in this suit. The defendants in this case, that is, the executrices, before filing an answer, filed a motion to dismiss. The grounds alleged in this motion were that a prior suit in partition had been filed and was then pending. It was further alleged in this motion that the issues raised by plaintiff's suit to quiet title had been adjudicated in the Nebraska case where all parties interested were parties to the suit. Plaintiff's suit to quiet title was based on the theory that the will was void. If she desired to relitigate that question, she could have joined in the partition suit filed by the executrices. This she did not choose to do. The defendants were forced to join issues with plaintiff's plea to quiet title and therefore did not consent voluntarily to join in plaintiff's case.

■ This court has had before it situations similar to the one now presented and has ruled that in partition cases, the petition first filed has priority over subsequent suits seeking partition of the same property. McMurry v. McMurry, 340 Mo. 1094; 104 S.W.2d 345, loc. cit. 347(3, 4); Leavitt v. Lamb, Mo.App., 77 S.W.2d 505, loc. cit. 507. See also 68 C.J.S. Partition 52, p. 76, and Cashin v. Markwalter, 208 Ga. 444, 67 S.E.2d 226, loc. cit. 227, 228(1–4).

The judgment of the trial court conforms to the applicable law and is hereby affirmed.

All concur.